# Wentzel's Appeal.

*Guardian—Fraud—Acts of April 22, 1863, and March 31, 1860.*

Under the act of April 22, 1863, P. L. 531, the provisions of the criminal code of March 31, 1860, P. L. 414, were extended so as to include guardians " in the same manner as executors, administrators and assignees." The latter act therefore embraces the case of fraudulent guardians.

*Criminal law—Discharge from imprisonment—Act of March 31, 1860.*

Under the act of March 31, 1860, § 133, P. L. 414, which provides for the discharge of a defendant from imprisonment if an indictment shall not be presented " to the grand jury at the next sessions," etc., the common pleas have no authority to discharge generally, but only " from imprisonment." If it does not appear that the defendant has been imprisoned, the act does not apply.

Argued Feb. 27, 1894. Appeal, No. 403, Jan. T., 1894, by Samuel B. Wentzel, from order of C. P. Berks Co., Insolvent Docket, No. 243, refusing to discharge defendant, Samuel B. Wentzel, from custody. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Petition for discharge under insolvent laws.

From the paper-books it appeared that defendant was charged with embezzlement of funds received by him as guardian. Defendant presented his petition to be discharged under the insolvent laws. The court refused his petition, and remanded him for trial in the quarter sessions. The order was made on the Saturday before the June sessions of 1892 began. Defendant entered into a recognizance for his appearance, but on account of the alleged shortness of time no bill of indictment was found, and defendant was ordered to renew his recognizance. A true bill was found by the grand jury at September sessions, 1892. The case, however, was not tried at that sessions. Defendant was never imprisoned. Defendant renewed his application for a discharge.

The court, ERMENTROUT, P. J., refused the petition.

*Error assigned* was refusal of petition.

*George J. Gross*, for appellant, cited: Act of March 31, 1860, § 133, Purd. Dig. 900; Blumer's Case, 86 Pa. 371.

*H. P. Keiser*, *F. K. Flood*, district attorney, and *J. H. Jacobs* with him, for appellee.

Per Curiam, March 12, 1894:

By act of April 22, 1863, P. L. 531, the provisions of the act of March 31, 1860, were extended so as to include guardians "in the same manner as executors, administrators and assignees." The later act therefore embraces the case of a fraudulent guardian; but the duty of the common pleas, under the 133d section thereof, is not to discharge generally, but only "from imprisonment." It does not appear that appellant has as yet been imprisoned, and hence said section is inapplicable to his case.

Decree affirmed and appeal dismissed with costs to be paid by appellant.